***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and argument of the parties. The appealing party has not shown good ground to receive further evidence or rehear the parties or their representatives. Following its review, the Full Commission affirms the Opinion and Award of the Deputy Commissioner, with certain modifications.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On February 14, 2008, Plaintiff was an employee of Defendant-Employer.
3. The Carrier on the risk in this claim is Cincinnati Insurance Company. *Page 2 
4. Plaintiff's average weekly wage is $823.52, which yields a compensation rate of $555.84.
5. Plaintiff last worked for Defendant-Employer on April 6, 2008.
6. Plaintiff does not seek to be awarded medical compensation in relation to her alleged February 14, 2008 injury by accident.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is 47 years of age. She obtained her GED in 1980. Her employment history between 1997 and 2006 consisted of primarily sedentary type office work in the medical industry.
2. Plaintiff was born with spina bifida which has caused her to have low back pain for most of her life. In the several years prior to her alleged February 14, 2008 injury, Plaintiff suffered from constant moderate to severe pain in her low back, left leg, and right knee. She also suffered from frequent mild headaches, sometimes severe, as well as some depression secondary to her chronic pain condition. Since 2000, Plaintiff has used a cane to help her walk.
3. In November 2005, Plaintiff became a patient of anesthesiologist/pain specialist Dr. Richard L. Rauck who treated her for chronic pain located mainly in her low back radiating into her left leg. Dr. Rauck treated Plaintiff's chronic pain condition with narcotic and other medications, along with nerve blocks.
4. On October 23, 2006, Plaintiff began working for Defendant-Employer, an organization that procures, evaluates, and distributes human tissue for medical use. Plaintiff's job title was Donor Coordinator. Her duties consisted of sitting, with very little walking or *Page 3 
standing, and talking on the telephone with family members of deceased potential tissue or eye donors. Plaintiff usually worked twelve-hour shifts three to four days per week. Plaintiff was able to perform her duties for Defendant-Employer on a full-time basis despite her chronic pain condition.
5. On July 9, 2007, as part of a clinical trial, Dr. Rauck implanted an intrathecal pain pump to help control Plaintiff's pain. The pain pump automatically releases morphine into Plaintiff's spine to provide pain relief. Plaintiff remained out of work for about two weeks following this surgery.
6. The pain pump improved Plaintiff's pain condition and she was able to reduce her use of oral pain medication. On July 23, 2007, Plaintiff returned to work at Defendant-Employer starting at about five or six hours per day and gradually increasing to full time. From August 8, 2007 through February 2008, Plaintiff was allowed to work full time at about ten hours per day, although she was excused from work for two weeks in November 2007 due to a flare-up of her condition.
7. On the afternoon of February 14, 2008, Plaintiff was walking toward her desk when she tripped over a box on the floor, lost her balance, fell forward, and twisted her low back as she fell into a nearby desk, landing on her right forearm. Plaintiff did not fall to the floor. Following this injury, Plaintiff immediately felt increased severe low back pain radiating into her left leg. Plaintiff completed her shift that day despite the accident.
8. On February 15, 2008, Plaintiff sought treatment with Dr. Rauck. Plaintiff gave a history of increased severe low back and left leg pain following a near fall at work the day before in which she twisted her low back. Plaintiff saw Dr. Rauck's nurse who advised her to increase her oral pain medication and not work for two days in Plaintiff's discretion. *Page 4 
9. Following the appointment, Plaintiff, who was not scheduled to work on February 15, went to Defendant-Employer and spoke with her supervisor, Michael Tramber. At that time, Plaintiff reported the accident orally and presented the work note. According to Mr. Tramber, Plaintiff declined to document the incident in writing at that time because she did not feel it was necessary.
10. From February 17 through April 6, 2008, Plaintiff continued working full time for Defendant-Employer despite significantly worsened low back and leg pain. During this period, Plaintiff increased her use of oral pain medication.
11. On April 7, 2008, Dr. Rauck wrote Plaintiff out of work. Plaintiff testified that at that point, she could no longer tolerate the increased pain. Dr. Rauck testified that Plaintiff indicated that she felt she could no longer continue to work at that point due to her pain.
12. Plaintiff filed a Form 18 regarding the incident on April 16 and April 21, 2008.
13. In an April 24, 2008 e-mail to Mr. Tramber, Plaintiff's co-worker Sandra Elias recalled Plaintiff tripping over a box and reaching out to the desk in front of her to steady herself. Ms. Elias described the incident as being "more like a stumble" than a fall. Another co-worker, Carl Cochrane, indicated in an April 24, 2008 e-mail to Mr. Tramber that he remembered Plaintiff tripping but not falling over the box and commenting that the incident was going to bother or hurt her later.
14. Plaintiff filed a Form 33 requesting a hearing on May 21, 2008. Defendants subsequently filed a Form 61 denying the claim.
15. At the July 28, 2008 hearing before the Deputy Commissioner, Plaintiff testified that she had been unable to earn wages in any employment since April 6, 2008, due to her increased low back and leg pain from the February 14, 2008 injury. Plaintiff testified that her *Page 5 
condition prevents her from being able to sit for very long at a time, walk much, or concentrate. In addition to taking pain medication, she lies down frequently for pain control.
16. Defendants contend that Plaintiff's pre-existing chronic back and leg pain did not worsen due to the February 14, 2008 accident. Defendants point to evidence that Plaintiff was using oral breakthrough pain medication prior to the accident and that most of the increases in the morphine level of her pain pump occurred prior to the accident. However, both Plaintiff and Dr. Rauck testified that she had required additional oral pain medication since the accident and that attempts to increase her pain pump morphine level much more following the accident had produced dangerous side effects.
17. The Full Commission finds Plaintiff's account of the February 14, 2008 injury by accident and her resulting increased pain and subsequent disability from work credible and finds the same as fact.
18. Dr. Rauck testified, and the Full Commission finds as fact, that Plaintiff's accident of February 14, 2008 was a significant causal factor in (1) Plaintiff developing increased low back pain and left leg pain beginning on February 14, 2008, (2) materially aggravating and thus worsening Plaintiff's pre-existing chronic low back and left leg pain conditions as of February 14, 2008, and (3) Plaintiff's becoming totally disabled beginning April 7, 2008 due to the increased low back and left leg pain.
19. Plaintiff continues under the care of Dr. Rauck for her low back and leg pain.
20. Plaintiff received short-term disability benefits from Prudential Insurance Company pursuant to a short-term group disability insurance policy provided by Defendant-Employer. Defendants acknowledged prior to the hearing before the Full Commission that they *Page 6 
are not entitled to a credit for these benefits. Rather, Plaintiff has acknowledged that she must reimburse Prudential for the benefits she received.
21. On April 8, 2009, Plaintiff filed a Motion with the Full Commission requesting that Defendants be ordered to pay a 10% late payment penalty pursuant to N.C. Gen. Stat. § 97-18(g). However, on May 1, 2009, Plaintiff indicated to the Full Commission that she desired to withdraw said Motion.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On February 14, 2008, Plaintiff sustained an injury by accident arising out of and in the course of her employment when she tripped over a box and twisted her back. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's February 14, 2008 injury by accident was a significant causal factor in materially aggravating Plaintiff's pre-existing chronic low back and left leg pain condition, making these conditions become worse as of February 14, 2008, and continuing thereafter. Morrison v.Burlington Industries, 304 N.C. 1, 282 S.E.2d 458 (1981).
3. As a result of Plaintiff's injury by accident of February 14, 2008, Plaintiff has been unable to earn wages in any employment since April 7, 2008. As such, Plaintiff is entitled to temporary total disability benefits at her weekly compensation rate of $555.84 per week beginning April 7, 2008, and continuing until further Order of the Commission. N.C. Gen. Stat. § 97-29. *Page 7 
4. Plaintiff's counsel is entitled to a reasonable attorney's fee of twenty-five percent of all disability compensation benefits to be paid to Plaintiff in this claim. N.C. Gen. Stat. § 97-90.
5. Dr. Rauck has treated Plaintiff since 2005 for her chronic back and left leg pain. Dr. Rauck is approved as Plaintiff's treating physician in this claim. N.C. Gen. Stat. § 97-25.
6. Defendants are not entitled to a credit for short-term disability benefits paid to Plaintiff by Prudential. N.C. Gen. Stat. § 97-42.
 ***********
Based on the foregoing Stipulations, Findings of Fact, and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Subject to the attorney's fee noted below, Defendants shall pay Plaintiff temporary total disability compensation of $555.84 per week beginning April 7, 2008, and continuing until further Order of the Industrial Commission. Accrued compensation shall be paid in a lump sum.
2. Defendants shall deduct twenty-five percent (25%) of all accrued compensation due Plaintiff and pay the same to Plaintiff's counsel in a lump sum. Thereafter, Plaintiff's counsel shall receive every fourth compensation check.
3. Defendants shall pay the costs.
This the ___ day of May 2009.
S/___________________ PAMELA T. YOUNG CHAIR
CONCURRING:
 S/___________________ BERNADINE S. BALANCE COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER *Page 1